### RABINOWITZ v. CUNARD S. S. CO., Limited.

(Supreme Court, Appellate Term. November 30, 1909.)

1. SHIPPING (§ 163*)—CARRIAGE OF EMIGRANTS—ACTION FOR REFUSAL TO TRANSPORT—SUFFICIENCY OF EVIDENCE.

   In a suit against a steamship company for its refusal to transport emigrants, and for taking away their tickets purchased for them by plaintiff, evidence *held* insufficient to show that they duly presented themselves for transportation, but to tend rather to prove the contrary, and

---

to show that they were rejected or refused, not by defendant, but by a physician at the place where they proposed to embark.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 532; Dec. Dig. § 163.*]

2. SHIPPING (§ 163*)—LIABILITY FOR REFUSAL TO TRANSPORT PASSENGERS— NECESSITY OF NOTICE OF INTENT TO EMBARK.

The sending of eight days' notice of intention to embark, as required by steamship passenger tickets to secure passage, is a condition precedent to securing passage; and, unless compliance therewith is shown, a complaint for refusal to transport should be dismissed.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 532; Dec. Dig. § 163.*]

3. SHIPPING (§ 163*)—ACTION FOR REFUSAL TO TRANSPORT PASSENGERS—EVIDENCE ADMISSIBLE UNDER GENERAL DENIAL.

In an action against a steamship company for refusal to transport passengers, evidence that defendant was not permitted under the immigration laws to transport such persons could not be presented under a general denial, because the terms of their tickets constituted at most a warranty or a condition subsequent, breach of which must be separately pleaded.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 532; Dec. Dig. § 163.*]

4. CONTRACTS (§ 342*)—DEFENSE OF ILLEGALITY OF CONTRACT—NECESSITY OF SEPARATELY PLEADING.

The defense of illegality must be pleaded in every case where the illegality is not shown, either by the complaint or the evidence which plaintiff is required to produce.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1716; Dec. Dig. § 342.*]

Appeal from City Court of New York, Trial Term.

Action by Morris Rabinowitz against the Cunard Steamship Company, Limited. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Lord, Day & Lord (Allan B. A. Bradley, of counsel, and Charles D. Miller, on the brief), for appellant.

Henry Kuntz (Sigmund Horkimer, of counsel), for respondent.

LEHMAN, J.   The plaintiff alleges that he purchased 7½ tickets from the defendant for the transportation of five adults and five minors from the city of Libau, Russia, to the city of New York, and that he paid the sum of $288.75 for said tickets; that the said persons duly presented themselves for the transportation, but that defendant refused to transport them, and has taken away the said tickets. The defendant's answer contains a general denial and a plea of accord and satisfaction.

The plaintiff at the trial presented evidence of the purchase of a copy of the tickets, and then read from a deposition made by a board-

ing house keeper and interpreter for the Cunard Company in Liverpool that he remembered a party of five adults and five children intending to proceed to the United States on the defendant's steamship Ivernia; that he remembered the names of the three rejected by the physician, viz., the father, Samuel Kaplan, Nechame Kaplan, and Gittel Kaplan; the destination of the family was New York. The following questions and answers were then read from the interrogatories:

"Q. Did the father of the said Kaplans, or the members of said family, acquiesce in sending them back to the point of their departure? A. While the Kaplan family did not wish to return to Russia, after I had explained the matter to the father, there was no resistance on his part, or on the part of any member of the family, to returning to Russia. Q. What was their point of departure—where they were sent after rejection, and the date? A. Their departure was Marinpol, Russia."

The plaintiff then rested, and the defendant moved to dismiss the complaint.

This evidence appears to me entirely insufficient to sustain the allegation of the complaint that they duly presented themselves for transportation. It appears simply that they intended to proceed on the Ivernia to the United States, and that after the "matter" (presumably that three of them were rejected by a doctor) was explained to them they did not resist returning to Russia. This evidence, if it shows anything, tends rather to prove that under the circumstances they did not present themselves for transportation. It does not show that they were rejected or refused by the defendant, but by the doctor.

Moreover, the tickets contain an express provision:

"To secure passage, the accompanying notice of intention to embark must be sent at least eight days in advance to the Cunard Steamship Company (Limited), Liverpool, or Queenstown, properly filled up," etc.

It seems to me that no argument is necessary to show that the sending of this notice was a condition precedent to securing passage, and, since the plaintiff has made no attempt to show compliance therewith, the complaint should have been dismissed.

After the plaintiff rested, the defendant attempted to show that under the United States immigration laws the defendant was not permitted to transport these persons. The trial justice properly ruled that this evidence could not be presented under a general denial, but offered to allow the withdrawal of a juror to give the defendant opportunity to amend. The defendant refused, and took an exception to the exclusion of the evidence. It appears to be settled law in this state that the defense of illegality must be separately pleaded in every case, except where the illegality is shown either by the complaint or by the evidence which the plaintiff is required to produce to sustain his cause of action. The trial justice also ruled correctly in holding that this evidence could not be admitted to show noncompliance with the terms of the tickets, because these terms constituted, at most, a warranty or a condition subsequent, the breach of which must be separately pleaded. The defendant then renewed its motion to dismiss, and this motion should have been granted.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

SEABURY, J. I concur in the reversal of this judgment upon the ground that no evidence was offered to show that the conditions specified upon the ticket as to notice of intention to embark was given.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.